IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EMPLOYERS and OPERATING ENGINEERS**
**LOCAL 520 PENSION FUND, et al.,**

    **Plaintiffs,**

v.

**LUGGE CONCRETE CONSTRUCTION, INC.,**

    **Defendant.**                                   Case No. 09-cv-610-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

        Before the Court is Plaintiffs' Motion for Summary Judgment (Doc. 22) and supporting memorandum (Doc. 23) against Defendant.  Plaintiffs filed suit against Defendant pursuant to the Employee Retirement Income Security Act ("ERISA"), **29 U.S.C. § 1132**, and the Labor Management Relations Act ("LMRA"), **29 U.S.C. § 185** (Doc. 2).  Alleging that Defendant is a party to a collective bargaining agreement with Employers & Operating Engineers Local 520, it is required to pay fringe benefit contributions for each hour of covered work, as well as to submit monthly report forms.  Additionally, under the collective bargaining agreement, Defendant is subject to paying ten percent (10%) liquidated damages on delinquent contributions as well as Plaintiffs' attorneys' fees in its efforts to collect

owed contributions.

In their instant Motion (Doc. 22), Plaintiffs seek summary judgment against Defendant in the total amount of $38,280.79, to represent both unpaid benefit contributions ($25,703.80) and related liquidated damages ($12,576.99). In support, Plaintiffs have attached the affidavit of David Glastetter, the Administrative Manager of the Employers and Operating Engineers Local 520 Health & Welfare, Pension, Vacation and Annuity Funds (Doc. 23, Attachment 1). Attached to the Glastetter Affidavit are various exhibits, including a copy of the collective bargaining agreement at issue (Ex. 1), Defendant's signature page to the agreement (Ex. 2), various monthly reports of benefits owed, submitted by Defendant which Plaintiffs allege were never paid (Ex. 3), and a spreadsheet showing the amounts owed to Plaintiffs by Defendant for June 2008 through November 2009 (Ex. 4).

Although Defendant did appear and file its Answer (Doc. 11), it never responded to Plaintiffs' Motion for Summary Judgment (Doc. 22). Pursuant to **LOCAL RULE 7.1(c)**, "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." However, the Court is still obligated to ensure that the evidence submitted by Plaintiffs properly substantiates their assertions of entitlement to summary judgment.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *see Celotex Corp.*

*v. Catrett,* **477 U.S. 317, 322 (1986);** *Spath v. Hayes Wheels Int'l-Ind., Inc.,* **211 F.3d 392, 396 (7th Cir. 2000)**.  In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party.  **See** *Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);** *Spath,* **211 F.3d at 396**.

Reviewing the relevant documents, the Court finds that certain items of evidence do not align with the Plaintiffs' claims of delinquent fringe benefit contributions and liquidated damages owed by Defendant.  To explain, in their Motion for Summary Judgment (Doc. 22), Plaintiffs state that they seek $25,703,80 in delinquent contributions and union dues from Defendant for the months of June, July, August, September and November 2009 and $12,576.99 in liquidated damages for unpaid or late-paid contributions for the months of June 2008 through October 2008 and May, June, July, August, September and November 2009.  The Glastetter Affidavit makes the same averment (Doc. 23, Glastetter Aff., ¶¶ 6-7).  However, the spreadsheet attached to the Glastetter Affidavit as "Exhibit 4," does not show liquidated damages amounts for June 2008 through October 2008. Instead, it omits July through September 2008 and instead, includes November 2008 through April 2009 (Doc. 23, Glastetter Aff., Ex. 4).[1]

With this noted discrepancy, the Court is unable to grant summary

---

[1] The Court notes that Exhibit 4 does properly show the liquidated damages and delinquent payment amounts for May 2009 through September 2009 and November 2009.

Page 3 of 4

judgment at this time.  Therefore, the Court defers ruling on Plaintiffs' Motion for Summary Judgment (Doc. 22), allowing Plaintiffs leave to supplement their Motion with proper evidence and explanation to clarify this noted discrepancy.  Plaintiffs shall hereby submit their supplement by **Wednesday, May 12, 2010**.  Failure to timely supplement will result in a denial of the Motion.

**IT IS SO ORDERED.**

Signed this 27th day of April, 2010.

/s/  David R Herndon
**Chief Judge**
**United States District Court**