**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**EMPLOYERS and OPERATING ENGINEERS
LOCAL 520 PENSION FUND, et al.,**

   **Plaintiffs,**

**v.**

**LUGGE CONCRETE CONSTRUCTION, INC.,**

   **Defendant.**                                    **Case No. 09-cv-610-DRH**

**<u>MEMORANDUM & ORDER</u>**

**HERNDON, Chief Judge:**

On April 27, 2010, the Court issued an order (Doc. 26), deferring ruling on Plaintiffs' Motion for Summary Judgment (Doc. 22) and directing that a supplement be filed to correct a discrepancy between the amount of damages claimed and the evidence establishing that amount.  Rathern than filing a supplement, Plaintiffs instead filed an Amended Motion for Summary Judgment (Doc. 27) and supporting memorandum (Doc. 28), to comply with the Court's order.

As explained previously, Plaintiffs have filed suit against Defendant

pursuant to the Employee Retirement Income Security Act ("ERISA"), **29 U.S.C. § 1132**, and the Labor Management Relations Act ("LMRA"), **29 U.S.C. § 185** (Doc. 2).  Plaintiffs allege that because Defendant is a party to a collective bargaining agreement with Employers & Operating Engineers Local 520, it is required to pay fringe benefit contributions for each hour of covered work, as well as to submit monthly report forms.   Additionally, Plaintiffs allege that under the collective bargaining agreement, Defendant is subject to paying ten percent (10%) liquidated damages on delinquent contributions as well as Plaintiffs' attorneys' fees in its efforts to collect owed contributions.

In their Amended Motion (Doc. 27), Plaintiffs seek summary judgment against Defendant in the total amount of $38,378.59, representing both unpaid benefit contributions ($25,703.80) and related liquidated damages ($12,674.79).  In support, Plaintiffs have attached the supplemental affidavit of David Glastetter, the Administrative Manager of the Employers and Operating Engineers Local 520 Health & Welfare, Pension, Vacation and Annuity Funds (Doc. 28, Attachment 1).   The supplemental Glastetter Affidavit incorporates by reference paragraphs 1 through 5 of his initial affidavit (Doc. 23, Attachment 1 - Glastetter Aff.) and Exhibits 1 through 3 thereto (*Id.*, Exs. 1-3).[1]  Attached to Glastetter's Supplemental Affidavit is Exhibit 4A, which is a spreadsheet he prepared reflecting the amounts Plaintiffs claim they

---

[1]  Exhibits 1 through 3 consist of: a copy of the collective bargaining agreement at issue (Ex. 1), Defendant's signature page to the agreement (Ex. 2), and various monthly reports of benefits owed, submitted by Defendant which Plaintiffs allege were never paid (Ex. 3).

are owed by Defendant (Doc. 28, Ex. 4A).

Although Defendant did appear and file its Answer (Doc. 11), it never responded to Plaintiffs' Motion for Summary Judgment (Doc. 22) nor has it responded to their Amended Motion for Summary Judgment (Doc. 27).  Pursuant to **LOCAL RULE 7.1(c)**, "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." However, as before, the Court remains under an ongoing obligation to ensure that the evidence submitted by Plaintiffs properly substantiates their assertions of entitlement to summary judgment.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *see Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986);** *Spath v. Hayes Wheels Int'l-Ind., Inc.,* **211 F.3d 392, 396 (7th Cir. 2000)**.  In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 255 (1986);** *Spath,* **211 F.3d at 396**.

Reviewing the relevant documents, the Court finds that the terms of the Collective Bargaining Agreement obligates a participating party to pay contributions

as well as a 10% liquidated damages amount on delinquent or unpaid contributions (Doc. 23, Ex. 1, Art. 45, pp. 53-56).  From the evidence and the record, it is clear that Defendant was a participating party at the relevant time for which Plaintiffs seek reimbursement of unpaid contributions and liquidated damages.[2]  The supplemental Exhibit 4A accurately reflects the amount Plaintiffs claim is owed.  Specifically, Exhibit 4A shows Defendant owes unpaid contributions for the months of June, July, August, September and November 2009 in the total amount of $25,703.80 (Doc. 28, Ex. 4A).  Exhibit 4A also shows that Defendant owes unpaid liquidated damages for the months of June, October, November and December 2008 and January through November 2009 in the total amount of $12,674.79 (*Id.*).

---

[2]  Although Plaintiffs have submitted Defendant's signature page to the Collective Bargaining Agreement (*see* Doc. 23, Ex. 2), the Court notes that the date of Defendant's representative's signature is January 26, 2010, which is *after* the time period at issue herein.  However, the fact that Defendant has admitted (*see* Doc. 11 - Answer, ¶ 7) Plaintiff's allegation that "Defendant at all times relevant has been and is signatory to and bound by a collective bargaining agreement with the Union" (*see* Doc. 2 - Complaint, ¶ 7) allows the Court to comfortably find Defendant is a participating party to the Collective Bargaining Agreement.  Also, Plaintiffs' Exhibit 3 consists of several contribution payment reports submitted by Defendant for the months of June, July, August, September and November 2009, which signifies Defendant's contractual obligation during that time period.

In sum, the Court finds that the evidence on the record warrants granting summary judgment in favor of Plaintiffs in the amount requested. Accordingly, Plaintiffs' Amended Motion for Summary Judgment (Doc. 27) is hereby **GRANTED** in favor of Plaintiffs and against Defendants in the total amount of $38,378.59, plus attorneys' fees and court costs.[3]

**IT IS SO ORDERED.**

Signed this 3rd day of August, 2010.

/s/   David R. Herndon

**Chief Judge**
**United States District Court**

---

[3] The Court finds Defendant is also obligated under the Collective Bargaining Agreement to pay Plaintiffs' reasonable attorneys' fees and court costs under Article 45 (*see* Doc. 23, Ex. 1, Art. 45, p. 55) as well as a statutory obligation under **29 U.S.C. § 1132(g)(2)**.